## STURGILL v STATE

Ohio Appeals, 4th Dist, Pike Co

Decided June 4, 1932

Earl D. Parker, Morgantown, for plaintiff in error.

Jacob E. Davis, Prosecuting Attorney, Waverly, for defendant in error.

### MAUCK, PJ.

The case of the state was not a strong one so far as the number of favorable witnesses was concerned. Witnesses called by the prosecution appear to have been keen to assist the defendant so far a they could do so with safety. Frances Stanton, a little girl twelve years old, however, made the state's case. She identified the defendant as one of two men who were at the still and working with it. Another witness reluctantly disclosed the presence in the neighborhood of the accused and an automobile over which the accused had some control was parked in the vicinity. Confronted with these facts the accused did not take the witness stand. The rule, of course, is that the state must prove its case beyond a reasonable doubt whether or not the accused takes the stand. But triers of fact have the right and the duty of drawing unfavorable inferences when the accused refuses to testify and where the facts are peculiarly within the knowledge of the accused. When, as in this case, the sole question is one of identification one on trial who fails to take the stand ought not complain that the trial judge believed to be true that which a single witness said was true when the accused was himself unwilling to swear that he was not where the single witness said that he was.

There was an error in the admission of testimony. It was not erroneous to permit the state to cross examine these manifestly hostile witnesses. It was, however, error to introduce in evidence the statement that the little girl had made to the prosecuting attorney. In a close case this error would be fatal. In the instant case it did no harm.

The judgment is affirmed.

MIDDLETON and BLOSSER, JJ, concur.